## The Inhabitants of Hampden *vs*. The Inhabitants of Fairfield.

A residence in any town for a temporary purpose, on the 21st day of *March* 1821, does not fix the settlement in that town, under *Stat.* 1821, *ch.* 122, *sec.* 2.

The question in this case was upon the domicil of *Patience Bailey*, a pauper. She came hither from *Vermont*, in the year 1811, and resided for several years in the family of *Oliver Beale*, her sister's husband, who lived in various places, and lastly in *Fairfield*, till *August* 1820. About that time, her health having declined, she went on a visit to *Gardiner*; and during her absence Mr. *Beale* removed to *Hampden*, informing her by letter that his circumstances had become too much reduced to allow him to support her as a member of his family any longer, but that he would render her any other aid, if in his power. After this, she resided in various towns in the county of *Kennebec*, and from *January* to *June* 1821, in different families in the town of *Fairfield*.

In the summer of that year she went to *Hampden* by invitation from her brother in law, on a visit only ; where she fell sick, and was relieved by the town. The friends with whom she sojourned in *Fairfield*, all testified that their doors were opened to her as a visitor only, and from motives of charity, she being in a low state of health, destitute of the means of support, and a member of the same church with themselves.

A verdict was returned for the plaintiffs by consent, subject to the opinion of the Court.

*Brown*, for the plaintiffs, relied on the fact that the pauper was resident in *Fairfield*, at the passing of *Stat.* 1821, *ch.* 122, and he argued from the evidence in the case that her domicil was there, she having no intention of departing. She had a permanent dwelling in that town till the removal of her brother in law to *Hampden* ; after which she was not wholly forisfamiliated, a home being provided for her among the friends of her own communion. Whether her board cost much, or nothing, the principle of the case was the same.

Hampden *v.* Fairfield.

*Greenleaf*, for the defendants, to the point of domicil, cited *Vattel*, *b.* 1, *ch.* 19, *sec.* 218. *Putnam v. Johnson* 10 *Mass.* 501. Case of the *Venus* 8 *Cranch* 278, 279, 295, 296. 2 *Peters' Adm.* 450. *Guier v. O'Daniel* 1 *Bin.* 351, *note.* *Granby v. Amherst* 7 *Mass.* 1. *Lincoln v. Hapgood* 11 *Mass.* 350. *Abington v. Boston* 4 *Mass.* 312. *Billerica v. Chelmsfoad* 10 *Mass.* 394. *Bruce v. Bruce* 2 *Bos. & Pul.* 230, *note.*

And he contended that the pauper had no domicil in *Fairfield*, because she had no fixed habitation there; nor any expectation of remaining; but was a mere visitor; not protected from arrest in any of the houses in which she sojourned; *Oyster v. Shed & al.* 13 *Mass.* 523; for she was not entitled to the *jus domi*; and because, if of the other sex, such residence would have conferred no civil rights, as, to vote, &c. *Taylor v. Knox* 1 *Dal.* 158; nor any civil liabilities, as to pay taxes, or to do military duty. *Stat.* 1821, *ch.* 164, *sec.* 1.

The opinion of the Court was delivered at the ensuing *August* term in *Oxford*, by

MELLEN C. J. Although the pauper in 1812 was a member of the family of Mr. *Beal*, her brother-in-law, and so continued till the autumn of 1820; yet she then ceased to be such; because, while preparing for his removal to *Hampden*, he dissolved her connection with his family, as he had an unquestionable right to do. Since that time it has not been renewed, and there has been no place which she could call her home. She visited in different towns; and in different families in the town of *Fairfield*, by express invitation, she being destitute and feeble. It was under such circumstances as these that she resided in *Fairfield* on the 21st of *March* 1821; when the act was passed; having no house or family in that town which she considered, or had a right to consider, or even to call her home; but on the contrary being received into the several families, where she visited for short periods, from feelings of christian fellowship, and motives of mere benevolence and humanity. We are perfectly satisfied that a residence of this character can never be considered a dwelling and a home, within the fair intent and meaning of the statute. This action cannot be maintained.

*Verdict set aside, and plaintiffs nonsuit.*